UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADERAW YESHIWAS,

    Petitioner,

    v.

U.S. CITIZENSHIP & IMMIGRATION SERVICES,

    Respondent.

_____/

No. C 12-1719 PJH

**ORDER VACATING HEARING DATE**

On April 5, 2012, petitioner Aderaw Yeshiwas filed this petition for a writ of mandamus to correct an error in a naturalization certificate. Named as respondent is United States Citizenship & Immigration Services ("USCIS"). On July 5, 2012, petitioner filed a proof of service, purporting to show personal service of the summons on "USCIS - District Counsel," by delivery to "Designated Service in-basket" located at an address in San Francisco, California, on April 16, 2012, by counsel for petitioner.

On July 5, 2012, petitioner filed a motion for writ of mandamus, with no attached proof of service. On August 21, 2012, petitioner filed another proof of service, purporting to show service of the summons on "USCIS District Counsel," on July 25, 2012. On October 24, 2012, petitioner filed another "motion for writ of mandamus," noticed for hearing on December 6, 2012. On December 4, 2012, after the case was reassigned to the undersigned district judge, petitioner renoticed the motion for hearing on January 9, 2012. On December 21, 2012, petitioner renoticed the motion for hearing on January 30, 2012.

To date, the named respondent has not entered an appearance, which the court surmises is most likely due to the fact that service was improper and that petitioner failed to join the proper parties. Federal Rule of Civil Procedure 4(i) governs service on federal agencies and federal employees.

> To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(2).  Further, to serve the United States, a party must

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought – or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk – or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

Here, petitioner has failed to properly serve the correct respondents.  Under Rule 4(i)(3)(A), the court is required to "allow a party reasonable time to cure its failure to . . ." to serve all persons required to be served under Rule 4(i)(2), if the petitioner has served "the United States Attorney or the Attorney General of the United States."  In this case, however, petitioner has not served the U.S. Attorney or the Attorney General.

Nevertheless, rather than dismissing the petition, the court will allow plaintiff to amend it, naming the proper respondents.  The amended petition shall be filed no later than January 16, 2013.  No later than January 30, 2013, petitioner shall file a proof of service showing service in conformance with Rule 4(i).

The January 30, 2013 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: January 2, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge

2