UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADERAW YESHIWAS,

    Petitioner,

    v.

U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et al.,

    Respondent.

_____/

No. C 12-1719 PJH

**ORDER DEFERRING RULING ON MOTION TO DISMISS AND SETTING FURTHER BRIEFING**

The motion of respondents Eric H. Holder, Jr., United States Attorney General, and United States Citizenship and Immigration Services ("USCIS") to dismiss the first amended petition came on for hearing before this court on September 11, 2013. Respondents appeared by their counsel, Stacey Young, and petitioner Aderaw Yeshiwas did not make an appearance. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DEFERS RULING on the motion to dismiss the first amended petition and requires further briefing on the issues identified below.

## BACKGROUND

Petitioner Aderaw Yeshiwas is an Ethiopian-born United States citizen. The district court for the Northern District of California issued his naturalization certificate on December 1, 1987. First Am. Pet. ¶ 4; Yeshiwas Decl., Ex. A.[1] Yeshiwas contends that the birth date

---

[1] Yeshiwas submitted a declaration and documentary exhibits in support of his motion for writ of mandamus which was deemed withdrawn upon filing of the first amended petition. Although the first amended petition does not attach the documents referenced therein, for the purpose of considering the facts in the light most favorable to Yeshiwas in ruling on respondents' Rule 12(b)(6) motion, the court considers the previously submitted documents to which the first amended petition refers. *See No. 84 Employer-Teamster Joint Counsel Pension Trust Fund v. America West Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003).

stated on his naturalization certificate, i.e., August 25, 1955, is incorrect and that his actual year of birth was 1947.

Yeshiwas alleges that the error in his birth date is rooted in the differences between the Ethiopian calendar and the Gregorian calendar. First Am. Pet. ¶ 5. The error was allegedly made by an administrator at a refugee camp in Gedarif, the Sudan, where Yeshiwas was admitted in 1976 after fleeing the civil war in Ethiopia. Yeshiwas alleges that because the Gedarif camp administrator was aware that the Ethiopian calendar was eight years different from the Gregorian calendar, he added eight years to an Ethiopian refugee's birth date, without verifying the date with the refugee. Yeshiwas Decl. ¶ 4. Thus, when Yeshiwas reported his birth date as 1947, the camp administrator assumed that he gave the Ethiopian date, added eight years to convert the birth year to the Gregorian date, and entered 1955 as Yeshiwas's birth year in the registration record.

After he spent three years in the refugee camp, he was interviewed by the American Resettlement Agency. Yeshiwas alleges that the Agency did not verify his birth date and simply carried the error forward from the refugee camp registration papers. Yeshiwas Decl. ¶ 5. Yeshiwas did not realize there was an error in his birth year until he received his temporary Lawful Permanent Residence card in the Sudan, before leaving for the United States. *Id.* ¶ 6. He did not think it seemed important at the time, so he decided he would bring it up in the United States. *Id.*

When Yeshiwas completed his N-400 Application for Naturalization, he listed his August 25, 1947 birth date. During his naturalization interview with USCIS, Yeshiwas verbally mentioned the error in his birth record, but was told that since his other records that were based on the error were presumed to be correct, he could not alter his birth date prior to the naturalization ceremony. *Id.* ¶ 7. At the time of this interview, Yeshiwas did not have a copy of his Ethiopian birth certificate. The interviewing office manually changed the birth date on his N-400 application and submitted it with the incorrect birth date. *Id.* Yeshiwas does not have a copy of the N-400 application. *Id.* He contends that his December 1, 1987 naturalization certificate reflects the incorrect birth date. *Id.* ¶ 8.

Yeshiwas has since obtained a copy of his Ethiopian birth certificate to establish that his birth date was August 25, 1947. Yeshiwas Decl., Ex. B.

On May 2, 2011, Yeshiwas applied for a replacement naturalization document, giving the following explanation for the error:

> The Clerical Error happened because of the difference in Ethiopian Calendar and the Gregorian Calendar. There is 8 years difference. This happened in 1976. I was a poletical [sic] refugee in the Sudan. I told my date of birth to Ethiopian translator August 25, 1947[,] and then when the translator gave my age to the camp Administrator, he added 8 years and made my birth date August 25, 1955. That is how the ererror [sic] happened.

Yeshiwas Decl., Ex. D (Form N-265). The USCIS denied the request to change the date of birth to August 25, 1947, citing Title 8, Code of Federal Regulations, Part 338.4(e). That citation appears to be an erroneous reference to Part 338.5(e), which states:

> Data change. The correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization.

8 C.F.R. § 338.5. The USCIS explained that at the time of naturalization, Yeshiwas swore that his date of birth was August 25, 1955, the "same date of birth [that] was entered on your original N-405 [sic] application and verified by you with the interviewing officer at that time." Yeshiwas Decl., Ex. E.

The USCIS denial letter further stated, "Only a U.S. Federal Court with jurisdiction over your naturalization proceedings has the authority to order that an amendment be made to your Certificate of Naturalization." Yeshiwas Decl., Ex. E. The USCIS letter is not dated, but it would have been issued sometime after Yeshiwas submitted his N-565 application on May 2, 2011. Yeshiwas also submits a letter from his doctor dated January 3, 2012, advising him to sort out his actual birth date because it "is important medically." Yeshiwas Decl., Ex. C.

On April 5, 2012, Yeshiwas filed a petition to correct error in his naturalization certificate. On October 24, 2012, he filed a motion for writ of mandamus to change his

3

naturalization certificate pursuant to 8 C.F.R. § 338.5. Yeshiwas filed a declination to proceed before a magistrate judge, and the case was reassigned to this court on November 14, 2012.[2] On January 2, 2013, the court entered an order finding that Yeshiwas failed to serve the correct respondents pursuant to FRCP 4(i), granted leave to amend the petition to name and serve the proper respondents, and vacated the motion hearing.

On January 16, 2013, Yeshiwas filed a first amended petition naming United States Attorney General Eric H. Holder, Jr. and United States Citizenship and Immigration Services ("USCIS") as respondents. On May 3, 2013, respondents filed the instant motion to dismiss. Yeshiwas filed an opposition to the motion to dismiss on June 17, 2013, and respondents filed a reply on June 28, 2013. Yeshiwas did not appear at the motion hearing, at which the court ordered respondents to file supplemental authority to address more recent authority on the arguments raised in the motion. Respondents timely filed the supplemental brief on September 13, 2013.

**LEGAL STANDARD**

**A.     FRCP 12(b)(1)**

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction. *See Chen-Cheng Wang ex rel. United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992). The burden of establishing that a cause lies within this limited jurisdiction rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

Subject matter jurisdiction is fundamental and cannot be waived. *Billingsly v. C.I.R.*, 868 F.2d 1081, 1085 (9th Cir. 1989). The court is under a continuing duty to dismiss an

---

[2] On June 27, 2013, the case was reassigned to another judge of this court who thereafter filed an order of recusal; the case was then was reassigned back to this court.

4

action whenever it appears that the court lacks jurisdiction. *Id.*; *see also Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003); *Attorneys Trust v. Videotape Computers Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

On a motion to dismiss pursuant to Rule 12(b)(1), the applicable standard turns on the nature of the jurisdictional challenge. A defendant may either challenge jurisdiction on the face of the complaint or provide extrinsic evidence demonstrating lack of jurisdiction on the facts of the case. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Where there is a facial attack on the court's subject matter jurisdiction, the standard is akin to the standard applied in determining a Rule 12(b)(6) motion. That is, the factual allegations are presumed true, and the motion is granted only if the plaintiff does not set forth the elements necessary for subject matter jurisdiction. *See Doe v. Schachter*, 804 F. Supp. 53, 57 (N.D. Cal. 1992).

After construing the allegations in the light most favorable to the plaintiff, the court may dismiss the complaint only if the claim does not "arise under" federal law or the Constitution, there is no case or controversy, or the cause of action is not described in any jurisdictional statute. *See Baker v. Carr*, 369 U.S. 186, 198 (1962). The court may grant leave to amend a complaint to remedy jurisdictional allegations that are defective as to form. *See Telluride Management Solutions, Inc. v. Telluride Investment Group*, 55 F.3d 463, 466 (9th Cir. 1995), *rev'd on other grounds, Cunningham v. Hamilton County*, 527 U.S. 198 (1999).

**B.    FRCP 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires

5

that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007).

However, conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and quotations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. *See In re Daou Systems, Inc.,* 411 F.3d 1006, 1013 (9th Cir. 2005).

**DISCUSSION**

**A.  Court Has Subject Matter Jurisdiction to Amend Pre-1990 Naturalization Certificate Issued by Order of the Court**

Respondents bring a facial challenge to subject matter jurisdiction over the first amended petition on the ground that Yeshiwas fails to allege a statutory provision under which his claim arises to establish the court's subject matter jurisdiction.

6

### 1. Statutory Authority Under Former 8 U.S.C. § 1451(i)

Until October 1, 1991, federal district courts considered naturalization applications in the first instance. *See* 8 C.F.R. § 301.4(a) ("No court shall have jurisdiction under section 310(a) of the Act, to naturalize a person unless a petition for naturalization with respect to that person was filed with the naturalization court before October 1, 1991."). The Immigration Act of 1990 transferred that authority from the district courts to the Attorney General, who has "sole authority to naturalize persons as citizens of the United States." *Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 932-33 (9th Cir. 2007) (citing Pub. L. No. 101-649, § 401, 104 Stat. 4978, 5038; *De Lara Bellajaro v. Schiltgen*, 378 F.3d 1042, 1045 (9th Cir. 2004)), *overruled on other grounds by Vartelas v. Holder*, 132 S. Ct. 1479 (2012). *See* 8 U.S.C. § 1421(a).

Prior to the enactment of that legislation in 1990, courts had statutory authority under former 8 U.S.C. § 1451(i) "to correct, reopen, alter, modify, or vacate its judgment or decree" of naturalization." 8 U.S.C.A. § 1451(i) (West 1990). *See Magnuson v. Baker*, 911 F.2d 330, 335 n.11 (9th Cir. 1990) ("8 U.S.C. § 1451(i) grants courts the inherent authority to set aside judgments for any reason cognizable under Federal Rule of Civil Procedure 60."). Prior to amendment, the statute provided as follows:

> (i) Power of court to correct, reopen, alter, modify or vacate judgment or decree
>
> Nothing contained in this section shall be regarded as limiting, denying, or restricting the power of any naturalization court, by or in which a person has been naturalized, to correct, reopen, alter, modify, or vacate its judgment or decree naturalizing such person, during the term of such court or within the time prescribed by the rules of procedure or statutes governing the jurisdiction of the court to take such action.

8 U.S.C.A. § 1451(i) (West 1990).

In an unpublished opinion, the Ninth Circuit recognized that prior to amendment of 8 U.S.C. § 1451(i), "district courts had jurisdiction to naturalize citizens and also had statutory authority to amend naturalization orders." *Matter of Shrewsbury*, 77 F.3d 490, 1996 WL 64988 at *1 (9th Cir. 1996). The court of appeals held that the district court erred in holding

that it lacked jurisdiction to amend the naturalization certificate under the current version of the Immigration and Naturalization Act which was amended in 1990 to authorize only the Attorney General to amend naturalization orders.  The court in *Shrewsbury* reasoned, "Because the order naturalizing this petitioner was a court order, the court had jurisdiction under the prior statute to amend it."  1996 WL 64988 at *1.

Respondents recognize that in *Shrewsbury*, "the Ninth Circuit held that district courts only have jurisdiction to amend naturalization certificates which the court itself issued." Mot. at 6 (citing *Shrewsbury*, 1996 WL 64988 at *1).  Respondents do not challenge the underlying principle articulated in *Shrewsbury* that the court has jurisdiction to amend its own order of naturalization pursuant to the statutory authority in effect at the time of entering the order.  Respondents thus concede that "in some limited circumstances, a district court may have jurisdiction to amend naturalization certificates that it issued before October 1991."  Mot. at 7.

Although *Shrewsbury* is unpublished, and therefore carries no precedential value, respondents do not cite any published Ninth Circuit authority that calls the holding of *Shrewsbury* into question, and the court is aware of none.  Other courts of this district, following *Shrewsbury*, have held that the court has jurisdiction to amend a naturalization certificate that was issued by court order under former 8 U.S.C. § 1451(i) (1990).  *See Kennedy v. United States Citizenship and Immigration Services*, 871 F. Supp. 2d 996, 1007 (N.D. Cal. 2012) (citing cases finding jurisdiction to amend pre-1990 naturalization orders under *Shrewsbury*); *In re Chehrazi*, 2012 WL 3026537, *23 (N.D. Cal. July 24, 2012) (granting petition to amend naturalization certificate to correct birth date where the petitioner was naturalized by court order in 1980).

Additionally, other district courts outside of the Northern District of California have followed *Shrewsbury* to find that the court has jurisdiction over a petition to amend the date of birth on a certificate of naturalization that was issued by court order pursuant to former 8 U.S.C. § 1451(i).  *See Ampadu v. U.S. Citizenship and Immigration Services, Dist. Director*, --- F. Supp. 2d ----, 2013 WL 1892713, * 5-6  (C.D. Ill. 2013) (denying motion to dismiss a

petition to amend the birth date on a certificate of naturalization that was issued by a court order in 1986); *Kouanchao v. U.S. Citizenship & Immigration Services*, 358 F. Supp. 2d 840, 843 (D. Minn. 2005) (citing 8 C.F.R. § 334.16(b) and *Shrewsbury*).  *See also Collins v. U.S. Citizenship and Immigration Services*, 2013 WL 764752, *2 (C.D. Cal. Jan. 30, 2013) (citing *Magnuson* to hold that former 8 U.S.C. § 1451(i) granted the court the inherent authority to set aside judgments under Rule 60)*; McKenzie v. U.S. Citizenship & Immigration Services, Dist. Dir.*, 2012 WL 5954193, *2 n.2 (W.D. Okla. Nov. 28, 2012) (granting motion to dismiss petition to amend date of birth on agency-issued certificate of naturalization, but noting that a court would have jurisdiction to amend a pre-1990 naturalization order pursuant to Federal Rule of Civil Procedure 60), *appeal filed* Jan. 25, 2013 (10th Cir. No. 13-6020).

Under prior statutory authority recognized by the Ninth Circuit in *Magnuson* and *Shrewsbury*, the court determines that it has jurisdiction to amend a certificate of naturalization that was issued by court order pursuant to former 8 U.S.C. § 1451(i), which conferred jurisdiction to naturalize citizens until the statute was amended in 1990.

### 2. Repeal of Regulation Does Not Divest Court of Jurisdiction Under Former Enabling Statute

At the motion hearing, respondents advocated for a strict view of *Shrewsbury*, arguing that *Shrewsbury* was decided before 8 C.F.R. § 334.16 was repealed on November 28, 2011, and is therefore distinguishable from this case because Yeshiwas filed his petition after that regulation was repealed.

By recognizing the court's jurisdiction to amend an order of naturalization that was issued pursuant to its prior statutory authority, *Shrewsbury* did not limit the court's jurisdiction to the scope of the governing regulations, including former 8 C.F.R. § 334.16. Under former 8 C.F.R. § 334.16, the district court could order the amendment of a naturalization certificate issued prior to 1990 when the alleged error was not clerical. *In re Cheng*, 2009 WL 426125 (N.D. Cal. Feb. 20, 2009) (citing 8 C.F.R. § 334.16).  Former section 334.16 expressly authorized federal courts to order amendments to a petition for

9

1  naturalization "after final action thereon has been taken by the court," and some courts
2  have recognized that the regulation, before its repeal, authorized courts to amend
3  certificates of naturalization, whether issued by order of a court before 1990 or issued by
4  an executive agency after 1990.  *See In re Weldeabzghi,* 2013 WL 717755, * 6 (D. Minn.
5  Feb. 27, 2013) (following cases holding that § 334.16(b), while it was in effect, granted
6  jurisdiction to order amendments to agency-issued certificates of naturalization).  That
7  regulation also permitted USCIS to oppose a petition to amend a naturalization certificate
8  when the purported error was not clerical.  8 C.F.R. § 334.16(b) (effective to Nov. 27, 2011)
9  ("No objection shall be made to the amendment of a petition for naturalization after the
10 petitioner for naturalization has been admitted to citizenship if the motion or application is to
11 correct a clerical error arising from oversight or omission.").

12 Respondents now argue that because USCIS repealed § 334.16 as of November
13 28, 2011, there is no existing remedy for a petitioner who seeks amendment of a certificate
14 of naturalization issued by court order.  *See* 76 Fed. Reg. 53764-01, 53801 (Aug. 29, 2011)
15 ("Sections 334.16 through 334.18 are removed.").  Under the statutory authority recognized
16 by the court in *Shrewsbury*, the court has jurisdiction to amend the order of naturalization
17 that was issued pursuant to that enabling statute.  The court in *Shrewsbury* did not rely on
18 8 C.F.R. § 334.16 to find that the district court had jurisdiction to amend the pre-1990
19 naturalization certificate at issue there.  Accordingly, the repeal of that regulation does not
20 divest the court of jurisdiction to amend a naturalization certificate that was issued pursuant
21 to a court order under a former enabling statute.[3]  As respondents themselves point out,

---

[3] The court notes that in several recent cases before other district courts that have found jurisdiction lacking following the repeal of 8 C.F.R. § 334.16, each of the petitions sought amendment of a naturalization certificate that was issued by an executive agency after 1990, rather than by order of the court.  *See, e.g.*, *Tesfay v. Holder*, --- F. Supp. 2d ----, 2013 WL 1785397 (D. Nev. Apr. 26, 2013) (§ 334.16 did not provide court with jurisdiction over petition to amend date of birth on certificate of naturalization issued by USCIS in 2009); *Constant v. U.S. Citizenship and Immigration Services*, 2013 WL 3328299 (E.D. Mich. July 2, 2013) (holding that 8 C.F.R. § 334.16, repealed after the petition for date change was filed, did not provide jurisdiction to amend post-1990 naturalization document issued by USCIS); *Malineni v. U.S. Citizenship and Immigration Services Detroit Dist.*, 2013 WL 466204 (E.D. Mich. Feb. 7, 2013) (granting motion to dismiss petition to amend date of birth on naturalization certificate where the petitioner was naturalized in 1998).  Here, by contrast, it is undisputed that

10

the USCIS regulation authorizing correction of a naturalization certificate does not, itself, confer subject matter jurisdiction. Mot. at 8. A regulation promulgated by an administrative agency cannot by itself, in the absence of congressional authorization, confer subject matter jurisdiction on federal courts. *See Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 837 (9th Cir. 2004) (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 577 n.18 (1979)).

Here, in light of persuasive authority and respondents' own concessions, the court follows the reasoning of *Shrewsbury* to hold that the court has subject matter jurisdiction to consider Yeshiwas's petition to amend the date of birth on a naturalization certificate issued by the court pursuant to an order of naturalization authorized by the enabling statute then in effect.

## B.     Rules Governing Court's Authority to Act

The first amended petition seeks an order correcting the naturalization certificate to reflect an August 25, 1947 birth date, and requiring respondents to issue a new certificate of naturalization. Yeshiwas contends that the court is authorized to correct the error on his naturalization certificate pursuant to 8 C.F.R. § 338.4(e), which is an apparent reference to § 338.5(e). First Am. Pet. ¶ 3. Respondents, however, contend that the court may only grant relief by amending its prior order pursuant to FRCP 60(b).

### 1.     Section 338.5 Does Not Authorize Relief

Respondents contend that the court cannot grant relief pursuant to Section 338.5(e) because this regulation only authorizes USCIS to correct a naturalization certificate, where justified, if it was issued by USCIS, and that "USCIS lacks the authority to issue a decision - or take any dispositive action - on an application to amend the certificate" which the court issued in 1987. Mot. at 8 (citing 8 C.F.R. § 338.5(b), (c)). Section 338.5(b) expressly provides, however, that "[i]f the certificate was originally issued by a clerk of court under a prior statute and USCIS finds that a correction is justified and can be made without

---

Yeshiwas was naturalized by court order before 1990 under then-current statutory authority.

11

mutilating the certificate, USCIS will authorize the issuing court to make the necessary correction and to place a dated endorsement of the court on the reverse of the certificate explaining the correction."

Respondents further argue that the amendment requested by Yeshiwas is not justified under the regulation. Section 338.5(e) provides that a correction to a naturalization certificate will not be deemed justified where the applicant later alleges that the date of birth which he stated to be his correct date of birth at the time of naturalization was not in fact correct at the time of naturalization. 8 C.F.R. § 338.5(e). Because Yeshiwas seeks to change the date of birth which he stated was correct at the time of his naturalization, respondents contend that the requested correction is not justified and that USCIS lacks authority to take any action under the regulation.

Yeshiwas does not address USCIS's argument that relief is not available under Section 338.5. Yeshiwas concedes that he proceeded with the wrong birth date which he stated was correct at the time of his naturalization. Yeshiwas Decl. ¶ 7. Section 338.5 does not, therefore, authorize a correction to Yeshiwas's certificate of naturalization.

### 2. Relief May Be Sought in Rule 60(b) Motion

Respondents contend that the court may only grant Yeshiwas's request for relief by amending its prior order and judgment pursuant to FRCP 60(b). Mot. at 8-9 (citing *Magnuson v. Baker*, 911 F.2d 330, 335 n.11 (9th Cir. 1990)). Yeshiwas does not dispute respondents' contention that the court may amend its order and judgment pursuant to Rule 60(b), and states that he "never expected to have his Petition granted without a supporting motion for summary judgment," apparently referring to a motion pursuant to Rule 56. Opp. ¶ 1.

Yeshiwas's naturalization certificate was issued by order of the court pursuant to an enabling statute that granted courts the authority to amend an order of naturalization "within the time prescribed by the rules of procedure or statutes governing the jurisdiction of the court to take such action." 8 U.S.C.A. § 1451(i) (West 1990). In *Magnuson*, the Ninth Circuit recognized Rule 60(b) as the appropriate procedural vehicle for setting aside a

12

naturalization order pursuant to former 8 U.S.C. § 1451(i) under the prior version of the Immigration and Nationality Act. *Magnuson*, 911 F.2d at 335 n.11 ("8 U.S.C. § 1451(i) [1990] grants courts the inherent authority to set aside judgments for any reason cognizable under Federal Rule of Civil Procedure 60."). Although *Shrewsbury* recognized the court's inherent authority under that statute to amend its own naturalization orders issued prior to 1990, without necessarily requiring that a motion be brought under Rule 60, 1996 WL 64988 at *1, *Magnuson* establishes Rule 60(b) as the applicable rule of procedure for amending a pre-1990 order of naturalization certificate issued by the court.

In the absence of applicable regulations governing the current petition, the court agrees with other district courts that have required a petitioner seeking relief from an order of naturalization to establish grounds for relief under Rule 60(b), following *Magnuson*. *See Ampadu*, 2013 WL 1892713 at *7-8; *Jung Ai Shin v. U.S. Citizenship & Immigration Servs.*, 2013 WL 571781 (C.D. Cal. Feb. 13, 2013) (granting plaintiff's Rule 60(b)(6) motion to amend naturalization certificate issued by the court in 1980). In *Ampadu*, the court concluded that it had subject matter jurisdiction pursuant to Rule 60(b)(6) to amend the date of birth on the petitioner's certificate of naturalization. 2013 WL 1892713 at *7-8. The court held that motion for relief under Rule 60(b) must be made within a reasonable time and required the petitioner to show "extraordinary circumstances" to seek relief from the order of naturalization. *Id.* at *6-7. *See also Boiko v. Holder*, 2013 WL 709047 (D. Colo. Feb. 26, 2013) (denying motion to dismiss petition to amend naturalization certificate where circumstances would justify relief under FRCP 60(b)(6)).

Respondents concede that under former 8 U.S.C. § 1451(i), Rule 60(b) is the applicable rule of procedure for a petition to amend a court order of naturalization. Suppl. Br. at 3. Yeshiwas has not addressed whether he could satisfy the procedural requirements of Rule 60(b). It does not appear from the facts alleged that Yeshiwas could state a claim for relief under Rule 60(b)(1) for mistake, inadvertence, surprise or excusable neglect; Rule 60(b)(2) for newly discovered evidence; or Rule 60(b)(3) for fraud, misrepresentation or misconduct. Furthermore, the provisions of Rule 60(b)(4) and (5)

addressing judgments that are void or satisfied or otherwise discharged are not applicable here. It therefore appears that Yeshiwas could seek relief only under the catchall provision of Rule 60(b)(6) for "any other reason that justifies relief." Because it appears from the allegations that Rule 60(b)(6) is the only available procedural vehicle by which Yeshiwas may present his request for relief, the court addresses the showing required under that rule of procedure below.

### 3. Rule 60(b)(6) Requirements

Respondents seek dismissal of the petition on the grounds that the petition is untimely and fails to allege either injury or extraordinary circumstances to support a Rule 60(b)(6) motion. Yeshiwas responds that the petition need only satisfy the reasonable notice pleading standard, and that the facts of injury would be provided in a motion for summary judgment. Opp. ¶ 3.

Having determined that former 8 U.S.C. § 1451(i) confers jurisdiction to amend a pre-1990 judicial order of naturalization, and that Rule 60 is the applicable rule of procedure governing the court's jurisdiction to take such action, the court finds that the first amended petition, as currently pled, fails to satisfy the procedural requirements of Rule 60(b) and (c). The court recognizes that the unpublished opinion in *Shrewsbury* did not require that a petition to amend a court-issued certificate of naturalization be brought pursuant to procedural vehicle such as Rule 60, and that Yeshiwas would not necessarily have known that the court would require him to seek relief under that procedural rule. Yeshiwas will therefore be given an opportunity to file a supplemental opposition to the motion to dismiss based on failure to satisfy the procedural requirements of Rule 60. Because it appears that the relief sought by Yeshiwas is governed by Rule 60(b)(6), the court sets out those procedural requirements here.

#### a. Extraordinary Circumstances

Under Ninth Circuit authority, "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or

correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993) (holding that district court abused its discretion in granting Rule 60(b)(6) relief to modify decree adjudicating water rights). "Although the timeliness of a Rule 60(b)(6) motion 'depends on the facts of each case,' relief may not be had where 'the party seeking reconsideration has ignored normal legal recourses.'" *Id.* "Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Id.* (citations omitted). *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (to obtain relief under Rule 60(b)(6), "a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case.") (citation and internal punctuation marks omitted).

### b. Reasonable Time

"Rule 60(b) contains its own limitations, such as the requirement that the motion 'be made within a reasonable time' and the more specific 1-year deadline for asserting three of the most open-ended grounds of relief (excusable neglect, newly discovered evidence, and fraud)." *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005). Pursuant to Rule 60(c), a Rule 60(b)(6) motion "must be made within a reasonable time." The Ninth Circuit has held that "[w]hat constitutes a reasonable time 'depends on the facts of each case.' Major considerations relevant here are whether the government was prejudiced by the delay and whether the trustee had a good reason for failing to take action sooner." *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989) (citing *United States v. Holtzman*, 762 F.2d 720, 725 (9th Cir. 1985)).

### C. Further Briefing Requirements

#### 1. Rule 60

As currently pled, the petition does not sufficiently seek relief pursuant to Rule 60(b)(6) or any other provision of Rule 60(b), and does not satisfy the requirement of Rule 60(c) that the motion "be made within a reasonable time." The court grants Yeshiwas leave to file a supplemental opposition to the motion to dismiss to address the following

procedural deficiencies: (1) to identify the provision of Rule 60(b) by which Yeshiwas seeks relief from the court's order of naturalization; (2) to establish the grounds for seeking relief under that provision, including, if applicable, the injury and extraordinary circumstances to support relief under Rule 60(b)(6); and (3) to establish that the Rule 60(b) motion was made within a "reasonable time" as required by Rule 60(c).

After the court has ruled on the procedural issues raised in the motion to dismiss, and if Yeshiwas succeeds in satisfying the procedural requirements of Rule 60 to seek relief from the order of naturalization, the court will reach the merits of the first amended petition pursuant to a Rule 56 motion or cross-motions for summary judgment.

### 2. Statute of Limitations

In their supplemental brief, respondents raise a new argument seeking dismissal of the first amended petition as time-barred by the applicable statute of limitations. Suppl. Br. at 3:13-20. This argument was not raised in the moving papers. The court determines that although the timeliness challenge should have been raised in the moving papers, respondents have raised the issue before being required to file a responsive pleading and have not waived the issue. *See Allstate Ins. Co. v. Countrywide Fin. Corp.*, 824 F. Supp. 2d 1164, 1174 (C.D. Cal. 2011) ("the statute of limitations is an affirmative defense which is waived if not raised at the pleadings stage") (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008)). Therefore, the court orders Yeshiwas in his supplemental opposition to respond to the timeliness challenge.

### CONCLUSION

The court DEFERS RULING on respondents' motion to dismiss the first amended petition. The court orders further briefing on the limited issues summarized below:

A. Procedural requirements of Rule 60: (1) to identify the provision of Rule 60(b) by which Yeshiwas seeks relief from the court's order of naturalization; (2) to establish the grounds for seeking relief under that provision, including, if applicable, the injury and extraordinary circumstances to support relief under

Rule 60(b)(6); and (3) to establish that the Rule 60(b) motion was made within a "reasonable time" as required by Rule 60(c).

B. Timeliness of the first amended petition under the applicable statute of limitations.

Yeshiwas shall file a supplemental opposition brief addressing these issues within fourteen (14) days of the date of this order. Respondents shall file a reply seven (7) days thereafter. The motion to dismiss will be submitted on the papers and no further hearing will be held on the matter unless deemed necessary by the court.

**IT IS SO ORDERED.**

Dated: September 19, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge