UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADERAW YESHIWAS,

    Petitioner,

    v.

U.S. CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

    Respondents.
_____/

No. C 12-1719 PJH

**ORDER GRANTING MOTION
TO DISMISS FOLLOWING
SUPPLEMENTAL BRIEFING**

    Before the court is the motion of respondents Eric H. Holder, Jr., United States Attorney General, and United States Citizenship and Immigration Services ("USCIS") to dismiss the first amended petition filed by petitioner Aderaw Yeshiwas. After conducting a hearing on the motion, the court ordered additional briefing on limited issues identified in the September 19, 2013 order. The court granted the motion to dismiss for petitioner's failure to file the required supplemental opposition addressing the court's concerns. After petitioner notified the court that his attorney was deceased, the court reopened the case and granted an extension of time by which to file the supplemental briefs. New counsel appearing for petitioner filed a supplemental opposition to the motion to dismiss, and respondents filed a supplemental reply. The court determines that the matter is suitable for decision without further oral argument. Having carefully considered the parties' papers and the relevant legal authority, the court hereby GRANTS the motion to dismiss the first amended petition and dismisses the action with prejudice.

    Yeshiwas seeks correction of his naturalization certificate to change his birth date under the catchall provision of Rule 60(b)(6) for "any other reason that justifies relief." Suppl. Opp. at 2. A summary of the factual allegations is discussed in the September 19, 2013 order deferring ruling on the motion to dismiss and setting further briefing. As more fully set forth in that order, to obtain relief under Rule 60(b)(6), "a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his

case." *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). Pursuant to Rule 60(c), a Rule 60(b)(6) motion "must be made within a reasonable time." In determining whether the Rule 60(b)(6) motion was filed within a reasonable time, the court may consider whether the government was prejudiced by the delay and whether the movant had a good reason for failing to take action sooner. *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 249 (9th Cir. 1989) (citing *United States v. Holtzman*, 762 F.2d 720, 725 (9th Cir. 1985)).

To establish extraordinary circumstances for relief and to show good cause for the delay in seeking relief under Rule 60(b)(6), petitioner contends that he was a political dissident opposed to the communist military government of Ethiopia and was unable to return to his home country to obtain a copy of his birth certificate, for fear of political persecution. After three years in a refugee camp in the Sudan, he was admitted to the United States in 1979 as a political refugee. Petitioner states that during his citizenship interview in 1986, he asked the immigration officer to correct his birth date from 1955 to 1947. His request was denied because his alien card and driver's license showed the 1955 birth date, and he was told that he must obtain a birth certificate from Ethiopia to change his birth date. Yeshiwas Suppl. Decl. at 2.

Petitioner states that he could not safely return to Ethiopia to obtain his birth certificate because he was in fear of persecution. He did not return to Ethiopia until December 2010, when he obtained a copy of his birth certificate which was issued on January 10, 2011. He cites the procedures stated on the Bureau of Consular Affairs website to support his contention that he was required to return physically to Ethiopia to obtain a copy of his birth certificate:

> **Birth Certificates.** Available only to those resident in Ethiopia. Requests for copies of previously issued birth certificates should be addressed to the Office of Region 14 Administration, Vital Statistics Service, Municipality of Addis Ababa, P.O. Box 356, Addis Ababa, Ethiopia; or to the equivalent office or any other municipality in which the birth was registered.

United States Department of State, Bureau of Consular Affairs. "Ethiopia: Reciprocity Schedule," available at http://travel.state.gov/visa/fees/fees_5455.html?cid=9170 [accessed January 2, 2014].

The authority cited by petitioner does not require that a request for a copy of a birth certificate be made in person.  The government points out that this Bureau of Consular Affairs website indicates that copies of an Ethiopian birth certificate could be requested by mail to the administrative office identified on the website.  The Bureau of Consular Affairs website, as it appeared in August 2005, is cited by the UN Refugee Agency's website, which instructs applicants to seek a copy of Ethiopian birth certificates by addressing their requests to the administrative office in Addis Ababa, or the equivalent office or any other municipality in which the birth was registered.  The UN Refugee Agency website also cites an Ethiopian consular source in Canada which also indicates that a person who is not present in Ethiopia may request a birth certificate by asking the Ethiopian embassy for the contact information for the appropriate city hall:

> An applicant wishing to obtain a birth certificate must contact a city hall in Ethiopia (Ethiopia 16 Jan. 2006).  The applicant needs to arrange for a family member or friend in Ethiopia to obtain the birth certificate on their behalf from the city hall (*ibid.*).  If the applicant does not have a family member or friend in Ethiopia, the Ethiopian embassy can provide the applicant with the telephone number and mailing address of the appropriate city hall so that the applicant can make direct contact with the city hall (*ibid.*).

Immigration and Refugee Board of Canada, Ethiopia: *The process by which Ethiopian citizens can obtain identity documents from consulates or missions abroad; birth registration and manner by which birth certificates are issued (2006)*, 23 January 2006, ETH100912.E, available at: http://www.refworld.org/docid/45f147303e.html [accessed January 2, 2014].

In light of the authority cited by petitioner, he cannot establish that he was required to return physically to Ethiopia to obtain a copy of his birth certificate or that he was prevented from obtaining a copy of his birth certificate by mail.  Taking as true petitioner's allegation that he was told by an immigration official that he must obtain a correct birth

certificate from Ethiopia, petitioner has not alleged what efforts he took to obtain a birth certificate, such as attempting to contact the Ethiopian embassy or otherwise inquiring as to how he could obtain a copy of his birth certificate anytime between 1987, when he obtained his naturalization certificate, and 2011, when he visited Ethiopia and obtained his birth certificate.  Nor has petitioner alleged that he attempted to correct the birth date on his naturalization certificate during that 24-year period, or that he was denied relief on the ground that he lacked a copy of a birth certificate.  Petitioner's allegations are insufficient to show that extraordinary circumstances prevented him from taking timely action to correct an erroneous judgment so as to merit relief under Rule 60(b)(6), which is "used sparingly as an equitable remedy to prevent manifest injustice."  *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citations and internal quotation marks omitted).

 Furthermore, petitioner did not file his request for relief under Rule 60(b)(6) within a reasonable time.  Petitioner's inability to return to Ethiopia until December 2010 does not account for his failure to seek correction of his birth date sooner.  Petitioner argues that the government does not suffer any prejudice from the delay in seeking a correction to his birth date.  Respondent's briefs fail to articulate what prejudice would be suffered by correcting the birth date on a naturalization certificate more than twenty-five years after its issuance.  At the motion hearing, however, respondent's counsel represented that USCIS has received similar petitions seeking changes in birth dates in order to obtain federal benefits.  Here, petitioner concedes that is the purpose of his petition for relief.  Yeshiwas Suppl. Decl. at 3 ("if my correct age of 66 years were used, I could retire now and receive social security benefits [and] I should now be eligible for Medicare health insurance coverage").  Thus, the government has an interest in upholding procedural barriers to untimely requests to change birth dates, whether such a correction is warranted or not, to provide an incentive to seek corrections in a timely manner and a disincentive against waiting until benefits are ripe before seeking corrections to naturalization records.

 In weighing the government's interests in preventing applicants from seeking undue benefits and in maintaining consistent public records, the public's interest in accurate public

records, and petitioner's interest in having an accurate legal birth date and access to benefits, the court determines that the current petition for relief was not filed within a reasonable time, as required by Rule 60(b)(6). The court is sympathetic to petitioner's dilemma in having to wait another seven years to be eligible for benefits, but his current situation does not bear on his failure to take timely action for nearly 25 years to correct the birth date error on his naturalization certificate. As petitioner concedes, he was aware that his official documents contained an error in his birth date even before his naturalization certificate was issued, yet he proceeded to be naturalized with the wrong birth date. Yeshiwas Decl. ¶¶ 5-8; Yeshiwas Suppl. Decl. at 2. *Cf. Jung Ai Shin v. U.S. Citizenship & Immigration Servs.*, 2013 WL 571781 (C.D. Cal. Feb. 13, 2013) (granting plaintiff's Rule 60(b)(6) motion to amend naturalization certificate where plaintiff's family withheld her true birth date from her for almost 10 years after she was naturalized). In light of these concessions, petitioner fails to show that his request for relief under Rule 60(b)(6) was filed within a reasonable time.

Petitioner has submitted a proposed second amended petition, which incorporates the allegations made in support of his supplemental opposition to the motion to dismiss. Because amendment would be futile, the court denies leave to amend and the motion to dismiss is GRANTED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: January 3, 2014

PHYLLIS J. HAMILTON
United States District Judge

5